Affirmed and Opinion filed February 13, 2003









Affirmed and Opinion filed February 13, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00234-CR

____________

 

TONYE WARMATE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 183rd District Court

Harris County, Texas

Trial
Court Cause No. 698,154

 



 

MEMORANDUM
OPINION

In
this appeal, appellant, Tonye Warmate,
claims the evidence is legally insufficient to establish he sexually assaulted
Tonya Martin because the indictment alleges the complainant to be ATonya
Martin@
while the evidence reflects the complainant=s name to be ATanya Martin.@  We affirm.

Background








On
October 8, 1997, following a bench trial, appellant was convicted of sexually
assaulting his then girlfriend, Tanya Martin. 
He was sentenced to seven years= probation and assessed a $750.00 fine.  In February 1999, the trial court found
appellant had violated the conditions of his community supervision, revoked
appellant=s probation 
and sentenced him to seven years= confinement.  An appeal
from the  revocation
of appellant=s probation  has already
been before this court.  See Warmate v. State, No. 14-99-00626-CR (Tex. App.CHouston [14th Dist.] September 14, 2000, pet. ref=d) (not designated for publication).  Appellant now seeks review of his October 8,
1997 judgment of conviction.  

As
a threshold matter, the State argues this court does not have jurisdiction over
this appeal because appellant did not file a timely written notice of appeal
with respect to his October 8 judgment of conviction.  The State points to the record as containing
only copies of a notice of appeal. 
However, it is not necessary for the district clerk to provide this
court with an original.  Tex. R. App. P. 25.2(c) (Atrial
court clerk must then immediately send one copy to the clerk of the appropriate
court of appeals.@).  The notice of appeal
contained herein was properly file stamped as having been received by the
district court clerk on October 27, 1997, within the statutorily required time
frame.  Tex.
R. App. P. 26.2(a).  The district clerk=s
failure to forward the notice as required shall not negatively affect a
defendant=s proper appeal. 
Therefore, this court has jurisdiction to hear this appeal.








In
his sole point of error, appellant argues the evidence is legally insufficient
to support the verdict.  The State=s
evidence showed the complaining witness as Tanya Martin, but it did not
establish that Tonya Martin, as alleged in the indictment, was sexually
assaulted by appellant.  Such a challenge
to the sufficiency of the evidence shall be measured by the elements of the
offense as defined by the hypothetically correct jury charge for the case.  Gollihar v. State, 46 S.W.3d 243, 253 (Tex. Crim.
App. 2001).  A hypothetically
correct charge need not incorporate allegations that give rise to immaterial
variances and when faced with a challenge to the sufficiency of the evidence
based upon a variance between the indictment and the proof, Aonly
a material variance will render the evidence insufficient.@  Id. at 256-57.  When reviewing such a variance, we must
determine whether the indictment, as written, informed the defendant of the
charge against him sufficiently to allow him to prepare an adequate defense at
trial, and whether prosecution under the deficiently drafted indictment would
subject the defendant to the risk of being prosecuted later for the same
crime.  Id. at 257 (quoting United
States v. Sprick, 233 F.3d 845, 853 (5th Cir.
2000)).

The
prosecution=s failure to prove a victim=s name exactly as alleged in the indictment does not make the
evidence insufficient under Gollihar. Fuller v. State, 73 S.W.3d 250, 253 (Tex. Crim. App. 2002). 
The victim=s name is not a statutory element of the offense.  Id. at 254. (citing Gollihar, 46 S.W.3d
at 254 (Ahypothetically
correct jury charge@ encompasses statutory elements of the offense as modified by
the charging instrument).  The variance
between the indictment and the proof is also immaterial.  There is no indication in the record that appellant
did not know whom he was accused of injuring or that he was surprised by the
proof at trial.  Fuller, 73 S.W.3d at 254. 
Finally, the variance does not subject appellant to another prosecution
for the same offense.  Id.

We
overrule appellant=s point of error and we affirm the trial court=s
judgment.

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

Judgment rendered and Memorandum Opinion
filed February 13, 2003.

Panel consists of Justices Yates,
Anderson, and Fowler.

Do Not Publish C
Tex. R. App. P. 47.2(b).